IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES SANFORD,   CASE NO. CIV S-04-1033 FCD CMK

    Plaintiff,

vs.   ORDER

KELLY-MOORE PAINT COMPANY, et al.,

    Defendants.

_____/

    Previously pending on this court's law and motion calendar for June 22, 2005, was plaintiff's motion to compel further answers to interrogatories and production of documents from defendants Kelly- Moore Paint Company, Inc. ("Kelly Moore") and Alexander Fahn and Shirley Fahn ("trustees"), and to allow a site inspection.[1] Having reviewed the pleadings and heard oral argument, the court hereby issues the following order.

    First, defendant Kelly Moore contends that plaintiff has not complied with the "meet and confer" requirements under Local Rule 37-251. The court is quite familiar with counsels' hostility towards each other. That being said, it appears that plaintiff's motion to compel was filed on May 2, 2005. Plaintiff's counsel sent a letter also dated May 2, 2005, which claimed to be "an

---

[1] Plaintiff's counsel refers to defendant Kelly Moore when he appears to mean both defendant Kelly Moore and defendant trustees. Counsel's oversight caused the court undue delay and frustration.

    Also, noteworthy is the fact that defendant Alexander Fahn, trustee of the Alexander and Shirley Fahn Trust, passed away on March 3, 2000. Shirley Fahn appears to be the remaining trustee of the Alexander and Shirley Fahn trust.

1

attempt to meet and confer regarding your clients' respective discovery responses." Therefore, the court finds plaintiff complied with Local Rule 37-251.

Next, the court will consider the parties' discovery disputes. Generally, the scope of discovery under Fed. R.Civ.P. 26(b)(1) is broad. Rule 26(b)(1) permits discovery of any information "relevant to the subject matter of the action." This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. Rule 26(b)(1). The court, however, may limit discovery if it "....is unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive; or if the party who seeks discovery "has had ample opportunity by discovery ...to obtain the information sought"; or if the proposed discovery is overly burdensome. Fed. R.Civ.P. 26(b)(2)(i)(ii) and (iii).

In light of the broad construction given to discovery requests, the objecting party has a heavy burden to show why discovery should be denied, by clarifying and explaining its objections, and providing support therefore. Failure to meet this obligation may result in waiving the objections. See Harding v. Dana Transport, Inc., 914 F. Supp. 1084, 1102 (D.N.J. 1996); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) (objections should be plain and specific); 8 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2173 (1994; 1999 Suppl.).[2]

II. BACKGROUND

Plaintiff filed this action against defendant Kelly Moore and defendant trustees,

---

[2] On June 17, 2005, plaintiff and defendant trustees filed a joint statement. On the same day, defendant Kelly Moore filed a separate statement. (Docket Nos. 23 and 25.) Defendant trustees made objections to plaintiff's interrogatories to avoid waiving them if they were not timely raised. Defendant trustees asserts that they have no reasonable basis to admit or deny many of plaintiff's contentions because defendant Kelly Moore conducts and controls many of the day-to-day operations at the store.

alleging numerous violations of the Americans with Disabilities Act ("ADA"). In reviewing the canned complaint and site inspection report, it appears that plaintiff's complaints are centered on issues involving exterior access, signage, the sales counter, and the restrooms. The court will now discuss the parties' discovery disagreements.

III. <u>INTERROGATORIES</u>

As to Interrogatory No. 2, defendant Kelly Moore objects that this interrogatory uses vague and ambiguous terms. Notwithstanding this objection, defendant Kelly Moore agrees to provide supplemental responses as additional information becomes available. Defendant Kelly Moore did not provide any specific reason why it cannot answer this interrogatory, now. Therefore, plaintiff's motion to compel defendant Kelly Moore to answer Interrogatory No. 2, is granted.

Defendant Kelly Moore also asserts that Interrogatory No. 2 is moot because of a stipulation that has been reached concerning the concept of "readily achievable." The court is not aware that such a stipulation has been reached. (<u>See</u> Joint Statement Re: Discovery Disagreements, Pg. 3.) However, if such a stipulation has been made then plaintiff's motion to compel defendant Kelly Moore to answer interrogatory No. 2 would be denied as moot.

As to Interrogatory No. 2, defendant trustees responds by explaining that they cannot truthfully respond to this request because the store is leased to defendant Kelly Moore. There is no reason why defendant trustees cannot inquire into the feasibility of removing any architectural barriers. Therefore, plaintiff's motion to compel defendant trustees to answer Interrogatory No. 2 is granted.

As to Interrogatory No. 3, defendant Kelly Moore objects that this interrogatory is moot in light of the stipulation regarding "readily achievable." As previously stated, the court is not aware of that said stipulation was ever reached. Therefore, plaintiff's motion to compel defendant Kelly Moore to respond to Interrogatory No. 3, is granted.

As to Interrogatory No. 3, defendant trustees object arguing that "readily achievable" is vague and ambiguous. Notwithstanding this objection, defendant trustees assert that they cannot truthfully respond to this request because "the information known to them is insufficient." The court is not persuaded. There is no reason why defendant trustees, owners of the facility leased by Kelly

Moore, cannot locate this information. Therefore, plaintiff's motion to compel defendant trustees to respond to Interrogatory No. 3 is granted.

As to Interrogatory No. 4, defendants were asked whether they "contended plaintiff was denied full and equal access under federal and state statutes during each visit to the store." Defendant Kelly Moore responded that "it did not know how or under what circumstances plaintiff may have desired to utilize or access the goods and services at the Kelly Moore store." This response is nonsensical. Defendant Kelly Moore could assume plaintiff's reasonable use of the paint store. Therefore, plaintiff's motion to compel defendant Kelly Moore to respond to Interrogatory No. 4 is granted.

As to Interrogatory No. 4, defendant trustees joined defendant Kelly Moore's response described above. For the reasons described above, plaintiff's motion to compel defendant trustees to respond to interrogatory No. 4 is granted.

As to Interrogatory No. 5, defendant Kelly Moore responded the same as their response in No. 4. However, Interrogatory No. 5 asks about plaintiff's knowledge. Defendant trustees reasonably assert lack of knowledge. Interrogatory No. 5 requires defendants Kelly Moore and trustees to speculate about plaintiff's actual knowledge. Plaintiff's motion to compel defendants Kelly Moore and trustees to respond to Interrogatory No. 5 is denied.

As to Interrogatory No. 6, both defendants Kelly Moore and trustees contend that they cannot respond because of lack of knowledge. Interrogatory No. 6 asks about plaintiff's actual knowledge that the store contained architectural barriers. Plaintiff is better suited to answer these types of questions. Therefore, plaintiff's motion to compel both defendants Kelly Moore and trustees to answer Interrogatory No. 6, is denied.

As to Interrogatories Nos. 13 and 14, defendant Kelly Moore states both of these interrogatories have been answered and are not at issue in this discovery disagreement. Defendant trustees does not address Interrogatories Nos. 13 and 14. Moreover, the language of these interrogatories is not included in either of the discovery disagreement statements. Therefore, the court finds that plaintiff's motion to compel does not include Interrogatories Nos. 13 and 14.

///

IV. PRODUCTION REQUESTS

Pursuant to Fed. R. Civ. P. 34(a), a party may request from a party production of documents which are in the possession, custody or control of the party served. "Control is defined as the legal right to obtain documents upon demand." United States v. Int'l. Union of Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989), citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir.1984). Although requests must be addressed to a party, they may seek documents possessed by a non-party if the party "controls" the non-party. The dispositive issue is the actual working relationship between the entities. The moving party has the burden to prove that the opposing party has legal control over the documents. Id., citing Norman v. Young, 422 F.2d 470, 472-73 (10th Cir.1970).

SET ONE

As to Request No. 1, the motion to compel defendant trustees to provide further response is denied. Defendant trustees declare that they have produced all the documents relevant to Request No. 1.

As to Request No. 2, the motion to compel defendant trustees to provide further response is denied. Defendant trustees declares that after a reasonable search, they did not find any documents responsive to this request. Moreover, plaintiff has equal access to "local, state and federal codes."

As to Request No. 3, the motion to compel defendant trustees to provide further response is denied as defendants produced all documents in their possession or control.

As to Request Nos. 4, 5, and 11, defendant trustees assert that these documents are protected by attorney-client privilege and the work product doctrine.

The federal work product doctrine protects from discovery documents and tangible things that have been prepared by or for a party or his representative in anticipation of litigation or for trial. Fed. R. Civ. P. 26(b)(3). Its purpose is "to prevent exploitation of a party's efforts in preparing for litigation." Admiral Ins. Co. V. United States District Court, 881 F.2d 1486, 1494 (9th Cir. 1989). A party seeking opinion work product must show more than a substantial need or undue hardship. Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 577 (9th Cir. 1992). However,

a party may be able to discover facts derived from an attorney's investigation if that party demonstrates a substantial need for it and an inability to obtain it by other means without undue hardship. Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3rd Cir. 1994); Admiral Insurance Co. v. U.S. Dist. Court for Dist. of Arizona, 881 F.2d 1486, 1494 (9th Cir. 1989).

Moreover, a party asserting attorney-client privilege must provide the reasons for the objection. Fed. R. Civ. P. 34(b). A blanket claim of attorney-client privilege is insufficient. Some courts have begun the practice of requiring the objecting party to submit an index or list of the privileged documents, authors, recipients, and more. "A proper assertion of the Fifth Amendment privilege requires, at a minimum a good faith effort to provide the trial judge with sufficient information from which he can make an intelligent evaluation of the claim." Davis v. Fendler, 650 F.2d 154, 1160 (9th Cir. 1981).

In the present case, defendant trustees agreed to provide a privilege log as requested by plaintiff. The privilege log should provide the general nature of the privileged document, the identity and position of its author, the date it was written, the identity and possession of all addresses and recipients, the documents present location and the reason it is being withheld. The privilege log should have been provided with the parties' statements of discovery disagreement. The court is obviously concerned with the fast approaching discovery deadline of August 15, 2005. Therefore, defendant trustees are ordered to provide the court with all relevant privilege logs within seven days after service of this order. The court will abstain from ruling on Request Nos. 4, 5, and 11, until provided with a privilege log.

As to Request No. 6, plaintiff's motion to compel is granted. Defendant trustees declare that they have complied with this request. Defendant trustees should have provided a much more specific response describing when and what they discovered to the plaintiff.

As to Request No. 7, defendant trustees assert that they do not have any documents that comply with this request. Therefore, plaintiff's motion to compel response is denied.

As to Request No. 8, plaintiff's motion to compel is granted. Defendant Kelly Moore has also agreed to produce these documents.

As to Request Nos. 10 and 15, defendant Kelly Moore asserts that it will produce

documents responsive to this request. However, presumably to preserve its objection, defendant Kelly Moore asserts that this request violates attorney-client privilege and attorney work product doctrine. As stated above, defendant Kelly Moore must provide the court with a privilege log when making such objections. If Kelly Moore intends on preserving its attorney client privilege/work product, it must provide the court with a privilege log (as described above) within seven days of service of this order.

Nonetheless, Kelly Moore has also agreed to produce the documents responsive to this request. Therefore, if Kelly Moore does not provide the court with a privilege log, plaintiff's motion to compel is granted, as to Request Nos. 10 and 15.

As to Request Nos. 12 and 13, defendant trustees declare they do not the requisite documents. Plaintiff asserts that "[i]t defies common sense to expect Kelly Moore has no financial statements, photos or videos of their store, lease agreements, permits, or plans for the store." (Joint Statement Re: Discovery Disagreements, Pg. 6.) However, it is defendant trustees who object to the request. Moreover, plaintiff does not provide any reason why defendants should be disbelieved. Therefore, plaintiff's motion to compel further response to request No. 12 is denied.

V. <u>SITE INSPECTION (Request for the Production of Documents, Set Two, Request No. 17)</u>

As to Request No. 17, plaintiff's motion to compel is granted. On June 22, 2005, all parties agreed to complete the site inspection prior to the discovery deadline of August 15, 2005. However, the court is unaware of whether the site inspection has been completed, yet.

VI. <u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel discovery, filed May 2, 2005; is granted in part and denied in part, in accordance with the terms of this order.

IT IS FURTHER ORDERED that no monetary sanctions or costs be imposed. Both parties are equally culpable in the inadequacies of their discovery processes.

1  DATED: July 22, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE